# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION - CINCINNATI

| | |
|---|---|
| MIRAL QARAQE, ADMINISTRATOR FOR THE ESTATE OF OSAMA EL-HARDAN, DECEASED, | ) CASE NO.<br>)<br>) JUDGE |
| Plaintiff, | ) |
| vs. | ) |
| ADESA CINCINNATI/DAYTON | ) |
| and | ) |
| OHIO DEPARTMENT OF MEDICAID, | ) |
| Defendants. | ) |

To: **United States District Court**
**Southern District of Ohio**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant ADESA Ohio, LLC ("ADESA"), incorrectly identified as ADESA Cincinnati/Dayton by Plaintiff Miral Qaraqe ("Plaintiff"), by and through its attorneys, Benesch, Friedlander, Coplan & Aronoff LLP, submits this Notice of Removal from the Ohio Court of Common Pleas, Warren County, in which the above-captioned matter is now pending, to the United States District Court for the Southern District of Ohio. ADESA respectfully asserts the following facts to support removal, and in doing so, expressly reserves all other questions, other than that of removal, for the purpose of further pleadings.

### Procedure and Background

1. This is a personal injury action arising from an alleged slip-and-fall in which the decedent, Osama El-Hardin suffered certain alleged injuries. A true and accurate copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

2. Plaintiff, Miral Qaraqe, as administrator of the estate of Osama El-Hardan, alleges that while on the ADESA's premises, Mr. El-Hardan fell due to the accumulation of snow and black ice in ADESA's parking lot. (*See* Ex. A).

3. Plaintiff commenced this action on November 29, 2021, by filing a civil Complaint in the Ohio Court of Common Pleas, Warren County, bearing Case Number 21CV947335, and captioned above (the "State Court Action").

4. ADESA was sent a copy of Plaintiff's Complaint via certified mail. It was received on or about December 3, 2021.

5. Plaintiff also named the Ohio Department of Medicaid as a defendant in the State Court Action on the basis that it "paid medical expenses on behalf of Plaintiff decedent, Osama El-Hardan", and "has a vested interest in the within action as a result of its claim of subrogation". *See* Ex. A at Paras. 10-11.

6. On or about December 14, 2021, the Ohio Department of Medicaid filed an Answer to the Complaint and a Crossclaim against ADESA. A true and accurate copy of the Ohio Department of Medicaid's Answer and Crossclaim is attached hereto as **Exhibit B**.

7. The Ohio Department of Medicaid alleges that it is entitled to recover the amount expended for medical services rendered to Plaintiff's decedent, Osama El-Hardan, pursuant Ohio Revised Code § 5160.37.

8. At the time of filing this Notice of Removal, ADESA has not filed a response to the Complaint or otherwise appeared in the Action.

9. Pursuant to 28 U.S.C. § 1446(a) copies of all process, pleadings, and orders in this matter are attached hereto.

**Timeliness of Removal**

10. Since this Notice of Removal is being filed within thirty (30) days of ADESA's receipt of the Complaint, and the actual filing of the Complaint, it is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

**Amount in Controversy**

11. In Plaintiff's Complaint, Plaintiff alleges that Mr. El-Hardan sustained multiple injuries as a result of the subject slip-and-fall which subjected him to "great pain and suffering", "loss of ability to perform usual functions"; as well as "los[t] wages". (*See* Ex. A, Para. 7).

12. Pursuant to Ohio pleading, Plaintiff does not offer a definitive statement as to alleged damages. Rather, Plaintiff alleges that monetary damages *in excess of* $25,000 (See Ex. A.).

13. Plaintiff has represented to ADESA that, prior to his death and allegedly due to the slip and fall on ADESA's property, Mr. El-Hardan suffered a rotator cuff tear in both his left and right shoulders, underwent surgery on both shoulders, had MRI's conducted or had scheduled MRI's for multiple body parts, and sought treatment for an alleged head injury and other injuries.

14. The amount in controversy exceeds $75,000, exclusive of interests and costs. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 553.

15. Thus, based on the allegations in Plaintiff's Complaint, the amount of controversy in the State Court Action can be fairly read to aggregate in excess of $75,000, exclusive of interest and costs.

## Diversity of Citizenship

16. Plaintiff's Complaint indicates that she is a citizen of the State of Ohio, and resides on Mallet Club Drive, in Dayton, Ohio. (*See* Ex. A).

17. Defendant ADESA Ohio, LLC is a limited liability company. The sole member of the limited liability company is ADESA, Inc.

18. ADESA, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business in Indiana.

19. Defendant Ohio Department of Medicaid is a governmental agency operating within and under the authority of the State of Ohio.

20. As discussed in more detail below, and further in ADESA's Motion to Realign Parties, the Ohio Department of Medicaid's interests in this lawsuit are aligned with those of Plaintiff, not with ADESA. (*See,* Def.'s Mot. For Realignment of Parties filed contemporaneously herewith).

21. If this Court arranges the parties in accordance with their interests, complete diversity of citizenship exists between the parties.

## Propriety of Removal

22. In determining whether diversity of citizen exists for the purposes of subject matter jurisdiction, this Court has the authority to "look beyond the pleadings and arrange the parties according to their sides in the dispute." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 70 (1941).

23. The Sixth Circuit Court of Appeals "requires that the parties be aligned in accordance with the primary dispute in controversy, even where a different, legitimate dispute between the parties supports the original alignment." *U.S. Fidelity & Guardian Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992).

24. Therefore, "courts in the Sixth Circuit should assess the parties' alignment based on the primary dispute in the controversy, rather than focus solely on the dispute at the time the state court action was initiated." *Eder v. West Chester Med. Ctr.*, Civ. Action No. 13-204-DLB-CJS, 2014 WL 12605379 at *4 (E.D. Ky. Sept. 15, 2014); *see Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F.supp.2d 1020, 1028 (N.D. Ohio 2010) ("… a federal court must exercise its own judgment to ensure that opposing parties are on opposite sides of a dispute.") (*citing Chase Nat'l Bank*, 314 U.S. at 70).

25. A cursory review of Plaintiff's Complaint, coupled with the Ohio Department of Medicaid's crossclaim against ADESA, reveals that the Ohio Department of Medicaid should not be listed as a defendant, but instead as a plaintiff.

26. In the present case, the Ohio Department of Medicaid is *only* a party to the case because it is a subrogee to Plaintiff's claims in tort against ADESA. *See* Ohio Rev. Code § 5160.37. In fact, Plaintiff's Complaint indicates that Plaintiff's claims are directed solely at ADESA, not at the Ohio Department of Medicaid. (*See* Ex. A.).

27. The Ohio Department of Medicaid aligns itself with Plaintiff in its crossclaim claiming its entitlement to collect for any expenses paid on behalf of Mr. El-Hardan pursuant to its statutory right of subrogation. (*See* Ex. B.).

28. In light of the foregoing, when the parties are appropriately aligned, this Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§ 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiffs—Miral Qaraqe and the Ohio Department of Medicaid—and Defendant ADESA, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs, as described above.

29. Therefore, this civil action is removable to this Court pursuant to 28 U.S.C. § 1441.

30. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Ohio Court of Common Pleas, Warren County, and is being served upon Plaintiff. A copy of the Notice to be filed with the Court of Common Pleas is attached hereto as **Exhibit C**.

31. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

## Additional Considerations

32. The facts and allegations in this Notice of Removal are derived from the Complaint filed in this Action. ADESA does not concede the truth or accuracy of any of the factual allegations contained in the Complaint.

33. In filing this Notice of Removal, ADESA does not waive any defects in service of process, venue, or personal jurisdiction.

34. ADESA expressly reserves all rights, defenses, and motions otherwise available to it, including but not limited to those under Rule 12 of the Federal Rules of Civil Procedure.

35. ADESA expressly reserves the right to submit additional evidence in support of this Notice of Removal, including as may be necessary to address and refute any contentions set forth in a motion to remand.

36. For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

WHEREFORE, Defendant ADESA Ohio, LLC, incorrectly identified by Plaintiff as ADESA Cincinnati/Dayton, files this Notice of Removal so that the entire State Court Action under Case Number 21CV947335, now pending in the Ohio Court of Common Pleas, Warren County, shall be removed to this Court for all further proceedings.

This 29th day of December, 2021

Respectfully submitted,

*s/ Kelly E. Mulrane*
JENNIFER M. TURK (0073781)
KELLY E. MULRANE (0088133)
ALLYSON R. CADY (0098830) (*admission to S.D. Ohio pending*)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
41 South High Street, Suite 2600
Columbus, Ohio 43215-6164
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: jturk@beneschlaw.com
kmulrane@beneschlaw.com
acady@beneschlaw.com

*Attorneys for Defendant ADESA Ohio, LLC*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a true and accurate copy of the foregoing was served on the 29th day of December, 2021, via electronic and U.S. mail upon the following:

Antony A. Abboud
Gounaris Abboud Inc., LPA
130 W. Second Street, Suite 2000
Dayton, Ohio 45402
tony@gafirm.com
*Attorney for Plaintiff*

Joseph McCandlish
Ohio Attorney General
Collection and Enforcement Agency
150 East Gay Street, 21st Floor
Columbus, Ohio 43215
joseph.mccandlish@OhioAGO.gov
*Attorney for Defendant Ohio Department of Medicaid*

                                              *s/ Kelly E. Mulrane*
                                              *One of the Attorneys for Defendant ADESA Ohio, LLC*