COMMON PLEAS COURT
WARREN COUNTY, OHIO
FILED

2021 NOV 29 AM 11: 29

JAMES L. SPAETH
CLERK OF COURTS

IN THE COMMON PLEAS COURT OF WARREN COUNTY, OHIO
CIVIL DIVISION

| | |
|---|---|
| MIRAL QARAQE, ADMINISTRATOR, FOR THE ESTATE OF OSAMA EL-HARDAN, DECEASED, 5195 Mallet Club Drive Dayton, Ohio 45439 | CASE NO.: 21CV94735 |
| v. | |
| **ADESA CINCINNATI/DAYTON** 4400 William C. Good Boulevard Franklin, Ohio 45005 | **COMPLAINT FOR PERSONAL INJURIES AND JURY DEMAND** |
| and | |
| **OHIO DEPARTMENT OF MEDICAID** c/o Joseph McCandlish, Esq. Ohio Attorney General Collection and Enforcement Agency 150 East Gay Street, 21st Floor Columbus, Ohio 43215 | |
| Defendants. | |

Now comes Plaintiff, Miral Qaraqe, Administrator for the Estate of Osama El-Hardan, Deceased, by and through undersigned counsel, and for her Complaint states as follows:

### FIRST CLAIM FOR RELIEF

1. At all relevant times, Defendant, ADESA Cincinnati (hereinafter "ADESA"), owned and operated an auto auction open to the public, located at 4400 William C. Good Boulevard, in the City of Franklin, County of Warren, State of Ohio.

GOUNARIS ABBOUD
INC., LPA
A Legal Professional Association
130 W. Second St., Ste. 2000
Dayton, Ohio 45402
Office: (937) 222-1515
Facsimile: (937) 222-1224
Website: www.gafirm.com

1

**EXHIBIT A - COMPLAINT**

2. On or about December 11, 2019, Plaintiff decedent, Osama El-Hardan, was lawfully on the aforementioned property and was injured as a result of a fall, the proximate cause of which was a dangerous and/or hazardous condition not open and obvious to Plaintiff, but known by ADESA to exist, to wit: unnatural accumulation of snow and black ice in the parking lot.

3. ADESA had a duty to maintain the unnatural accumulation of snow and black ice in a reasonably safe condition, to inspect the parking lot in a manner designed to discover dangerous and hazardous conditions, and to provide a warning to the public regarding the existence of dangerous and hazardous conditions not open and obvious.

4. ADESA was negligent in permitting an unnatural accumulation of snow and black ice not open and obvious to exist upon their property.

5. ADESA was negligent in that it failed to conduct any regular inspection of the parking lot, thereby failing to discover and correct/repair the defective condition which presented a hazard not open and obvious to the public, generally, and to Plaintiff decedent, Osama El-Hardan, specifically.

6. ADESA was negligent in the maintenance and care of the parking lot in that it failed to properly design, construct, and/or erect caution signs or otherwise warn the public generally, and Plaintiff decedent, Osama El-Hardan, specifically, of hazardous conditions not open and obvious resulting from its inadequate maintenance activities, to wit: unnatural accumulation of snow and black ice in the parking lot.

7. As a direct and proximate result of the negligence of ADESA, Plaintiff decedent, Osama El-Hardan, was injured and suffered damages as follows:

    a. severe and permanent injuries;
    b. great pain and suffering, both physical and emotional, and loss of ability to perform usual functions and the injuries will cause further pain and suffering and loss of ability to perform usual functions in the future;
    c. reasonable and necessary medical expenses in an amount to be determined, as well as further medical expenses to be incurred in the future;
    d. loss of wages and earnings in an amount to be determined, as well as further loss of wages and earnings in the future.

8. The aforesaid negligence of ADESA was the direct and proximate cause of the injuries and damages to Plaintiff decedent, Osama El-Hardan.

**GOUNARIS ABBOUD INC., LPA**
A Legal Professional Association
130 W. Second St., Ste. 2000
Dayton, Ohio 45402
Office: (937) 222-1515
Facsimile: (937) 222-1224
Website: www.gafirm.com

**EXHIBIT A - COMPLAINT**

**WHEREFORE,** Plaintiff, Miral Qaraqe, Administrator of the Estate of Osama El-Hardan, demands judgment against the Defendant, ADESA, in an amount in excess of $25,000.00, plus interest and the costs of this action.

### SECOND CLAIM FOR RELIEF

9. Plaintiff incorporates each and every allegation contained in the First Claim for Relief as though fully rewritten herein.

10. Defendant, Ohio Department of Medicaid, paid medical expenses on behalf of Plaintiff decedent, Osama El-Hardan, in connection with the injuries as set forth in the First Claim for Relief.

11. As a result, Defendant, Ohio Department of Medicaid, has a vested interest in the within action as a result of its claim of subrogation.

12. Defendant, Ohio Department of Medicaid, is being joined in this action to defend and protect its claim of subrogation.

**WHEREFORE,** Plaintiff, Miral Qaraqe, Administrator for the Estate of Osama El-Hardan, demands that Defendant, Ohio Department of Medicaid, appear and represent its interest in the within action or be forever barred from pursuing its subrogation claim.

Respectfully submitted,

Antony A. Abboud, Esq. (#0078151)
GOUNARIS ABBOUD, Inc.
130 W Second Street, Suite 2000
Dayton, OH 45402
P: 937.222.1515
F: 937.222.1224
E: tony@gafirm.com
*Attorney for Plaintiff*

**GOUNARIS ABBOUD INC., LPA**
A Legal Professional Association
130 W. Second St., Ste. 2000
Dayton, Ohio 45402
Office: (937) 222-1515
Facsimile: (937) 222-1224
Website: www.gafirm.com

**EXHIBIT A - COMPLAINT**

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

_____
Antony A. Abboud, Esq. (#0078151)

**GOUNARIS ABBOUD INC., LPA**
A Legal Professional Association
130 W. Second St., Ste. 2000
Dayton, Ohio 45402
Office: (937) 222-1515
Facsimile: (937) 222-1224
Website: www.gafirm.com

**EXHIBIT A - COMPLAINT**